UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


**MICHAEL SHIYOU and SYLVIA SHIYOU**          **PLAINTIFFS**


**V.**                              **CIVIL ACTION NO. 1:06CV319 LTS-RHW**

**STATE FARM FIRE AND CASUALTY COMPANY**
**and STEPHEN RICHARD SAUCIER**                   **DEFENDANTS**


## MEMORANDUM OPINION

The Court has before it Plaintiffs Michael and Sylvia Shiyou's (Shiyou) motion to remand. For the reasons set out below, this motion will be granted. Because I have determined that this Court lacks subject matter jurisdiction of this action, I will deny Defendant Stephen Richard Saucier's (Saucier) motion to dismiss the complaint, without prejudice to Defendant Saucier's right to refile his motion following remand.

This is an action for property damage sustained during Hurricane Katrina. Plaintiffs are the named insureds under a homeowners policy issued by Defendant State Farm Fire and Casualty Company (State Farm). Plaintiffs purchased their policy through one of State Farm's local agents, Defendant Stephen Richard Saucier (Saucier). During Hurricane Katrina the plaintiffs' property sustained substantial damage from the storm surge flooding that occurred during the storm. State Farm denied coverage for these losses on the grounds that they were excluded losses under the State Farm homeowners policy. This action ensued.

The state court complaint alleges: "At the time the insurance policy was purchased, the Defendants and/or their agents and employees made representations to the Plaintiffs that additional "flood insurance" was not required on their property nor was it recommended. Plaintiffs were not given an explanation that allowed them to make an informed decision about any additional coverage which was available, nor even that there were any perils against which they were not insuring. Plaintiffs acted directly upon Defendants' recommendations and did not decline any additional coverage, nor was any recommended or offered. The Plaintiffs reasonably relied upon these representations of the Defendants and reasonably believed that their dwelling, other structures, and personal property was [sic] protected from storm damaged [sic] including damage from hurricanes such as that actually experienced on August 29, 2005." (Complaint Paragraph 11) Plaintiffs are pursuing a legal theory that these representations were negligently made, i.e. that by making these statements State Farm and Saucier breached the applicable standard of care.

Both Plaintiff and Saucier are resident citizens of Mississippi.  If Saucier has been properly joined as a party defendant, this Court lacks subject matter jurisdiction under 28 U.S.C. §1332.

State Farm has removed this action on grounds of diversity of citizenship, alleging that the plaintiffs have fraudulently joined Saucier in order to defeat diversity jurisdiction.  This is an issue on which State Farm has the burden of proof.  *B., Inc., v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir.1981). State Farm's burden has been characterized as a heavy one because, in making the assessment whether joinder of a non-diverse defendant is fraudulent or legitimate, the district court must assume all the well-pleaded facts in the complaint to be true, must grant the plaintiff all reasonable favorable inferences, and must resolve all doubtful issues of state law in favor of the party seeking remand. *Dodson v. Spiliada Maritime Corp.*, 951 F2d 40 (5th Cir.1992); *Hart v. Bayer Corp.*, 199 F.3d 239 (5th Cir.2000).

Under these guidelines, this Court must determine whether there is any reasonable basis upon which the plaintiff could prevail and establish a right of recovery against the non-diverse defendant.  If there is such a basis, the case must be remanded for resolution in the court where the action was originally filed.

## Allegations of the Complaint

Plaintiffs have alleged that State Farm and Saucier were negligent in telling them that flood insurance was not required or recommended for their property.  Plaintiffs allege that they were led to believe that the coverage they purchased would insure their property against all types of damage that could be anticipated during a hurricane.  Defendants deny these allegations.  There is no evidence before the Court concerning the applicable standard of care that would apply to Defendant Saucier, but the plaintiffs are entitled to have this issue of law (or mixed question of law and fact) resolved in their favor in the context of this motion.  *Dodson v. Spiliada Maritime Corp.*, 951 F2d 40 (5th Cir.1992); *Hart v. Bayer Corp.*, 199 F.3d 239 (5th Cir.2000).

## Standard of Care Applicable to Insurance Agents

Under applicable Mississippi law, an insurance agent or broker who undertakes to procure insurance for a customer is under a duty to the prospective purchaser to exercise reasonable care, and this includes the duty to procure the coverages requested.  *McKinnon v. Batte*, 485 So.2d 295 (Miss.1986); *Lovett v. Bradford*, 676 So.2d 893 (Miss.1996); *First United Bank of Poplarville v. Reid*, 612 So.2d 1131 (Miss.1992).  Thus, an insurance agent who undertakes to give his advice concerning the coverages an insured should purchase in circumstances where the advice is reasonably relied upon by the prospective insured may incur liability if the advice is the product of a failure on the part of the agent to exercise reasonable care.

## Negligent Misrepresentation Under Mississippi Law

Under applicable Mississippi law, in order to state a cause of action for negligent misrepresentation, the aggrieved party must prove, by a preponderance of the evidence:

1. That there was a misrepresentation (or omission) of a fact;
2. That the misrepresentation (or omission) was material or significant;
3. That the misrepresentation (or omission) was the product of negligence, i.e. that the person making the representation or omission failed to exercise reasonable care;
4. That the person to whom the representation (or omission) was made reasonably relied upon the representation (or omission); and
5. That the person to whom the representation (or omission) was made suffered damages as a direct and proximate result of that reasonable reliance.

*Berkline v. Bank of Mississippi*, 453 So.2d 699 (Miss.1984); *Spragins v. Sunburst Bank*, 605 So.2d 777 (Miss.1992). These essential elements apply to the plaintiffs' theory of recovery against Saucier, who would be answerable for the statements allegedly made by one of his employees or representatives acting in the course and scope of his employment.

Of course, the truth of the plaintiffs' allegations; the circumstances in which the events in question transpired; the question what coverages were discussed and what decisions on coverage were made; and the reasons for these decisions are all questions for the finder of fact to decide after consideration of the evidence supporting the claim and consideration of the evidence offered by the defense. Likewise, the standard of care that applies to the conduct of Saucier and his representatives; the question whether the conduct of Saucier and his representatives met the applicable standard of care; and the question whether the plaintiffs' alleged reliance on the statements in question was reasonable, are all questions that must be answered on a more fully developed record. These are questions of state law (and mixed questions of law and fact) on which the plaintiffs are entitled to the benefit of the doubt at this juncture. *Dodson v. Spiliada Maritime Corp.*, 951 F2d 40 (5th Cir.1992); *Hart v. Bayer Corp.*, 199 F.3d 239 (5th Cir.2000).

For the purpose of deciding whether there has been a fraudulent joinder, the plaintiffs' allegations must be accepted as true; they must be granted all reasonable inferences in favor of his theory of recovery; and any doubtful issues of state law must be resolved in their favor. Without venturing any opinion on the merits of the plaintiffs' claims, it appears to me that under the standards applicable to ascertaining whether a fraudulent joinder has occurred, Saucier and State Farm have failed to establish that the plaintiffs have no viable legal theory upon which they may proceed against Saucier under the plaintiffs' version of events.

State Farm contends that regardless of the representations which Saucier may have made, and regardless of whether the plaintiffs reasonably relied upon those

representations, any action against Saucier is now time-barred. The plaintiffs purchased their policy during 1999. State Farm contends that Mississippi's three-year statute of limitations expired in 2002. In support of this position, State Farm relies upon the holdings in *Howard v. CitiFinancial, Inc.*, 195 F.Supp.2d 811 (S.D.Miss.2002) and *Stephens v. Equitable Life Assurance Soc. of the U.S.*, 850 So.2d 78 (Miss.2003). These cases stand for the proposition that a cause of action for fraudulent inducement to purchase an insurance contract accrues, and the applicable period of limitations starts to run, at the time the fraudulent statement is made. In my opinion, these cases do not apply to a cause of action premised on negligence. A cause of action for negligence does not accrue until plaintiffs suffer damages as a result of the negligent act they allege or until they could have discovered the negligence by the exercise of ordinary care. *See: Smith v. Sneed*, 638 So.2d 1252 (Miss. 1994). At this juncture, the plaintiffs are entitled to have all doubtful issues of law resolved in their favor, including the legal issue of when their cause of action accrued.

Accordingly, I will grant the motion to remand without prejudice to the right of the defendants to remove this case a second time in the event the case should become removable during subsequent state court proceedings. The subsequent removal of this action would, of course, be subject to the one-year time limit for the removal of diversity cases under 28 U.S.C. §1446 and all other rules and decisions governing the right of removal.

An appropriate order will be entered.

Decided this 31st day of July, 2006.

s/ *L. T. Senter, Jr.*

L. T. Senter, Jr.
Senior Judge